```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Kelley Craig-Wood,              :

    Plaintiff,              :

  v.                          :         Case No. 2:10-cv-906

Time Warner NY Cable LLC,       :         JUDGE JAMES L. GRAHAM
                                                              Magistrate Judge Kemp

    Defendant.              :

<u>ORDER</u>

    This employment discrimination case is before the Court to consider the motion for leave to file a second amended complaint filed by plaintiff Kelley Craig-Wood. Defendant Time Warner NY Cable LLC has opposed the motion. Ms. Craig-Wood has not filed a reply. For the following reasons, the motion (#18) will be denied.

## I. <u>Background</u>

    Ms. Craig-Wood filed her original complaint on October 8, 2010, alleging claims for age and race discrimination under Title VII and Ohio law. Ms. Craig-Wood attached as Exhibit 1 a copy of her right-to-sue letter from the EEOC dated July 21, 2010. Further, at paragraph 11, Ms. Craig-Wood stated:

> 11. Plaintiff was terminated on March 4, 2010, after a series of retaliatory acts by the Defendant TWC and for which Plaintiff has 3 more outstanding EEOC charges. Plaintiff will be requesting the right to sue letter on these charges and to amend the complaint as soon as practicable after their receipt.

    On February 2, 2011, Ms. Craig-Wood filed a first amended complaint correcting the name of the defendant. On May 17, 2011, the Court held the first pretrial conference pursuant to notice and in accordance with Rule 16 of the Federal Rules of Civil Procedure. Following this conference, the Court issued a

scheduling order adopting June 10, 2011, the date proposed by the parties, as the deadline for filing amendments.  On August 6, 2011, Ms. Craig-Wood filed a motion for leave to file a second amended complaint.  This motion was denied without prejudice for failure to comply with Local Civil Rule 7.3.  On August 11, 2011, Ms. Craig-Wood filed her current motion.

## II.   The Motion for Leave to Amend

Through her current motion, Ms. Craig-Wood seeks to add an additional cause of action for retaliation and has attached as an exhibit a second right-to-sue letter from the EEOC dated May 10, 2011.  Ms. Craig-Wood does not acknowledge that the deadline for any amendments has passed.  Rather, her entire argument in support of her motion is framed in terms of Fed.R.Civ.P. 15 and lack of prejudice to Time Warner NY.  According to Ms. Craig-Wood, Time Warner NY has always been in possession of the facts and documents supporting her proposed claim, discovery is still open, and the proposed amendment "[a]rises out of the same nucleus of operative facts as her claims in the original Complaint."  Second Motion to File Second Amended Complaint (#18), p. 3.  Ms. Craig-Wood's motion appears to indicate a belief that the discovery deadline governs the time frame for the filing of amendments.

Defendant Time Warner NY opposes the motion on grounds that Ms. Craig-Wood has not demonstrated good cause to allow an amendment to the complaint after the established deadline set forth in the Court's scheduling order.  Time Warner NY notes that Ms. Craig-Wood does not even acknowledge the deadline for amending let alone provide any explanation for her failure to abide by it.  Moreover, Time Warner NY contends that Ms. Craig-Wood would be unable to establish good cause because she was aware of the alleged facts supporting her proposed claim at the time she filed her original and first amended complaints.  Time

Warner NY cites Ms. Craig-Woods' allegations in both her original and amended complaints that she would be filing an amended complaint upon her receipt of three additional right-to-sue letters from the EEOC.  Time Warner NY asserts, however, that Ms. Craig-Wood was in possession of two of the additional right-to-sue letters at the time she filed her original complaint.  They have attached as exhibits to their response copies of these letters - one dated September 15 without a year specified and one dated September 29, 2010.  Most significantly, however, Time Warner NY contends that the final right-to-sue letter, which is attached to the proposed second amended complaint, was issued by the EEOC on May 10, 2011, well before the June 10 amendment deadline.  Time Warner NY argues that, not only did Ms. Craig-Wood fail to meet the deadline, she waited until 60 days after it had passed before seeking leave to amend.  For all of these reasons, Time Warner NY asserts that Ms. Craig-Wood simply cannot establish the good cause required to allow an amendment after the deadline has passed.

### III.  Analysis

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'"  Commerce Benefits Group, Inc. v. McKesson Corp., 326 Fed. Appx. 369, 376 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Consequently, the Court is permitted to examine the

standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Further, although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).

Here, Ms. Craig-Wood has offered essentially no explanation for her failure to seek a second amendment prior to the established deadline.  Rather, her only argument is that, because Time Warner NY had knowledge of the facts and documents to support this cause of action, amendment is proper.  She does not

in any way shed light on her failure to seek leave to amend before the deadline of June 10, 2011, when the document she was awaiting, according to her original and first amended complaints, was in her possession nearly thirty days prior.  Additionally, she fails to address the 60-day lapse between that deadline and the filing of her motion for leave to amend, or stated another way, she does not address the nearly 90-day lapse between her receipt of an anticipated document and her motion for leave to amend.

    Ms. Craig-Wood's suggestion that lack of prejudice to Time Warner NY somehow supports permitting her proposed amendment is unavailing.  While, as Ms. Craig-Wood contends, Time Warner NY may have been aware of the information supporting her proposed amendment, the fact of the matter is that she was, too.  Moreover, as discussed above, lack of prejudice to the opposing party is not the standard here.  Rather, the focus of the Court's inquiry is on the diligence of the moving party.  Ms. Craig-Wood's proposed amendment consists of a fourth claim set forth in four paragraphs and a total of five sentences as well as a revision to paragraph 3 and the inclusion of an additional one-page exhibit.  As such, the additional proposed allegations cannot be characterized as complex or time-consuming to prepare.  Under this circumstance, the Court believes that Ms. Craig-Wood, in the exercise of any diligence, was able to pursue her proposed claim within the scheduled time frame for amending.

    Based on the record before it, the Court cannot conclude that Ms. Craig-Wood exercised due diligence in moving for leave to amend after the deadline.  Accordingly, she has not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake any analysis under Rule 15(a).  Consequently, the motion for leave to file a second amended complaint will be denied.

IV. <u>Conclusion</u>

Based on the foregoing, plaintiff's motion for leave to file a second amended complaint (Doc. #18) is denied.

V. <u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp  
United States Magistrate Judge