IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelley Craig-Wood,

    Plaintiff,

  v.                        Case No. 2:10-cv-906

Time Warner NY Cable LLC,

    Defendant.

OPINION AND ORDER

This matter is before the court on plaintiff's motion to reconsider the magistrate judge's order (Doc. 20) denying plaintiff's motion for leave to file a second amended complaint (Doc. 18). This is an employment discrimination action brought by plaintiff Kelley Craig-Wood against defendant Time Warner NY Cable LLC, her former employer. Plaintiff's first amended complaint asserted claims of race and age discrimination, including disparate treatment and harassment, under federal and state law. On August 6, 2011, plaintiff moved for leave to file a second amended complaint to allege a retaliatory discharge claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

In his order of October 6, 2011, the magistrate judge noted that the motion to amend was filed almost two months after June 10, 2011, the deadline for motions to amend specified in the pretrial scheduling order. Doc. 20, p. 2. The magistrate judge indicated that where, as here, the deadline established by the court's scheduling order had passed, the plaintiff must first show good cause under Fed.R.Civ.P. 16(b) for her failure to timely move to amend, and further, the court must evaluate prejudice to the nonmoving party before considering whether amendment is proper

under Fed.R.Civ.P. 15(a). Doc. 20, p. 3 (citing Commerce Benefits Group, Inc. v. McKesson Corp., 326 Fed.Appx. 369, 376 (6th Cir. 2009)). The magistrate judge observed that the focus is primarily on the diligence of the movant, and that the absence of prejudice to the nonmoving party is not the equivalent of good cause. Doc. 20, p. 4 (citing Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995) and Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002)). After determining that plaintiff argued solely that defendant was not prejudiced by the delay and essentially offered no explanation for her failure to move to amend before the deadline, the magistrate judge concluded that plaintiff failed to exercise due diligence in moving for leave to amend after the deadline and denied the motion to amend. Doc. 20, pp. 4-5.

Pursuant to 28 U.S.C. §636(b)(1)(A), a district judge may designate a magistrate judge to hear and determine any nondispositive pretrial matter pending before the court. "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." §636(b)(1)(A); see also Fed.R.Civ.P. 72(a) (in regard to nondispositive pretrial matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); United States v. Raddatz, 447 U.S. 667, 673 (1980)(review by the district court of the magistrate's determination of a nondispositive motion is on a "clearly erroneous or contrary to law" standard). The ruling of a magistrate judge on a nondispositive motion "remains binding except to the extent that the district court modifies or sets aside any part of the order that is clearly erroneous or contrary to law."

<u>Bell v. Ameritech Sickness and Accident Disability Benefit Plan</u>, 399 Fed.Appx. 991, 997 n. 5 (6th Cir. 2010). This standard provides considerable deference to the determinations of the magistrate judge. <u>Geiger Brothers Mechanical Contractors v. Lockheed Martin Utility Servs., Inc.</u>, No. C-2-98-109, 2000 WL 1456916 at *1 (S.D.Ohio Sept. 19, 2000). A motion for leave to amend a complaint is a nondispositive motion. <u>Oakland County v. Federal National Mortgage Ass'n</u>, 276 F.R.D. 491, 493 n. 1 (E.D.Mich. 2011).

The magistrate judge applied the correct legal standard in ruling on plaintiff's motion to amend. Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend within the deadline before a court will consider whether amendment is proper under Rule 15(a). <u>Leary v. Daeschner</u>, 349 F.3d 888, 909 (6th Cir. 2003). The magistrate judge correctly concluded that plaintiff failed to offer any reason whatsoever for failing to comply with the scheduling order.

In her motion for reconsideration, plaintiff states for the first time that she was in the process of trying to resolve problems with the nonpayment of benefits under her COBRA continuing healthcare coverage, and did not want to "tip her hand" concerning the possibility of a COBRA claim by moving to amend within the deadline. She also notes that she received a right-to-sue letter dated May 10, 2011, regarding her retaliatory discharge claim. Plaintiff argues that since she had ninety days under Title VII in which to bring suit on this claim, she could move to amend to assert that claim within ninety days regardless of the amendment deadline in the scheduling order.

3

These arguments were not made to the magistrate judge, and he did not have the opportunity to consider them. The Sixth Circuit has held that the Magistrate Judge Act "absent compelling reasons ... does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). A party's failure to raise an issue before the magistrate constitutes waiver. Id. Plaintiff had the opportunity to file a reply brief to defendant's opposition to her motion to amend and to advance the reasons for her lack of diligence which are set forth in her motion for reconsideration. However, she did not file a reply. Plaintiff has failed to demonstrate any compelling reasons for her failure to make these arguments to the magistrate judge.

Even if this court were to consider plaintiff's new arguments, she has still failed to show good cause for her failure to comply with the scheduling order's deadline for amendments. She claims that she was in the process of trying to work out problems with her receipt of healthcare benefits. However, the documents she has submitted reveal that her healthcare plan was administered by Time Warner Cable Connections Healthcare and the TW Cable Health and Welfare Fund, not Time Warner NY Cable LLC, the defendant in this case. Yet another document dated June 5, 2011, prior to the deadline for amendment, is from ADP Benefit Services. Plaintiff ultimately received her healthcare benefits. Plaintiff does not explain why she would have had to discuss her efforts to obtain health care benefits from entities other than the defendant in seeking to amend her complaint to assert a retaliatory discharge claim.

Plaintiff's argument that she could ignore the amendment

4

deadline as long as she moved to amend within ninety days of her receipt of the right-to-sue letter is also unavailing. If plaintiff wanted to add her retaliatory discharge claim to the other claims already asserted in this case, she was required to do so within the procedural framework governing this case. Cf. Mallory v. Noble Correctional Inst., 45 Fed.Appx. 463, 468 (6th Cir. 2002)(lack of a right-to-sue letter did not excuse counsel's failure to adhere to the discovery deadline or to move for a stay of discovery pending receipt of the letter). She received the right-to-sue letter a month before the deadline. If she needed additional time to consider her options regarding the retaliatory discharge claim in light of the right-to-sue letter, she could have moved to extend the deadline for filing a motion to amend on that ground. Instead, she allowed the deadline to pass without seeking an extension, then offered no reason for doing so in her motion to amend.

The court finds that the decision of the magistrate judge was not clearly erroneous or contrary to law, and that plaintiff has waived her arguments concerning her failure to comply with the court's scheduling order by failing to present them to the magistrate judge. Even if the court considers the reasons advanced by plaintiff in her motion for reconsideration, plaintiff has failed to show good cause under Rule 16(b) for failure to seek leave to amend within the deadline. Plaintiff's motion for reconsideration (Doc. 26) is denied.

Date: February 2, 2012           s/James L. Graham
                                 James L. Graham
                                 United States District Judge