IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelley Craig-Wood,              :

    Plaintiff,               :

        v.                  :       Case No. 2:10-cv-906

Time Warner NY Cable LLC,       :       JUDGE JAMES L. GRAHAM
                                       Magistrate Judge Kemp
    Defendant.                  :

ORDER

This employment discrimination case is before the Court to consider a second motion to compel filed by plaintiff Kelley Craig-Wood. The motion is fully briefed. For the following reasons, the motion (#53) will be granted in part and denied in part.

## I. Background

The factual background of this case is set out in some detail in the Court's April 16, 2012 order which ruled on Ms. Craig-Wood's first motion to compel discovery, and that background will not be repeated here. However, it is helpful to describe the events leading up to the issuance of that order, because, as Ms. Craig-Wood states, the issue raised by her current motion is "whether the Defendant must provide to Plaintiff the discovery as ordered by the Court in Document #42 [the April 16, 2012 order]." See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Discovery and For a Status Conference for Continued Discovery, Doc. 60, at 1.

Ms. Craig-Wood's prior motion to compel dealt with her request for production of documents. That motion sought,

generally, to compel responses to "a vast majority" of those requests, which were served on December 27, 2011. Production of documents was delayed while the parties haggled over the need for a protective order; when documents were finally produced, other than 40 pages of documents relating to Ms. Craig-Wood's supervisor, Bianca Beckley, and about 100 pages relating to the "Colley investigation," all of the documents which Ms. Craig-Wood received related to her - such as portions of her personnel file and her medical records. Her primary complaint, in the motion to compel, was the lack of production of any documents relating to similarly-situated employees who, Ms. Craig-Wood contended, were treated differently than she was.

The motion to compel was fairly specific about what documents Ms. Craig-Wood wanted the Court to order Time Warner to produce, although it did not refer to the document requests by number. The documents described in the motion as relevant but not yet produced included Tenesia Tyus' personnel file, job descriptions, job assignments, area assignments, and commissions paid; information from Ms. Beckley's file about her contact with Ms. Craig-Wood and her follow-up contact with the human resources department; documents showing the production of her coworkers, including but not limited to Princess Powe; information from the file of Ty Harris, the department manager, about the production of both Ms. Craig-Wood and her coworkers; commission sheets showing commissions paid to Ms. Craig-Wood and her co-workers; and documents provided by Time Warner to the Ohio Department of Job and Family Services explaining the reasons why the employment of Ms. Craig-Wood, Ms. Beckley, Ms. Tyus, and Mr. Harris was terminated. <u>See</u> Plaintiff's Motion to Compel Discovery, Doc. 35. In her reply memorandum, Ms. Craig-Wood reiterated that the issue raised by her motion was "whether Plaintiff is permitted to conduct discovery on comparable coworkers and her departmental

supervisors," see Plaintiff's Reply, Doc. 39, at 1, and she reiterated her request for documents which would show that all of her coworkers also engaged in fraudulent sales practices and that this conduct was overlooked except in Ms. Craig-Wood's case, where it led to her termination.

    In the order granting that motion in part, the Court directed Time Warner to produce a number of additional documents. Concluding that, as in most cases which involve claims of employment discrimination, Ms. Craig-Wood was entitled to see evidence about how similarly-situated coworkers were treated, the Court directed Time Warner to respond to some of the document requests at issue. The requests which the Court discussed in its order were Nos. 6-9 and 11-26 and No. 28. Requests 6-9 all deal with documents related to Bianca Beckley, and requests 11-26 are identically-worded sets of requests for the "personnel file," "job descriptions," "job assignments and area assignments," and "commissions paid" for Ms. Tyus, Carmela Weiser, Princess Powe, and Ty Harris. Request No. 28 was for the documents provided to ODJFS explaining the various terminations. The Court held that documents from the various personnel files might be relevant to the extent that they showed that other employees engaged in similar fraudulent activity but received no discipline or complained to human resources and had their complaints taken seriously; that documents showing the number of addresses assigned to these various employees might also be relevant; that commission documents might be relevant; and that documents relating to the unemployment claims made by these persons (other than Mr. Harris) to ODJFS might also be relevant. That is the universe of documents Time Warner was ordered to produce.

## II. The Current Motion

    Among other arguments contained in its opposing memorandum, Time Warner asserts that the current motion does not limit itself

3

to documents which are covered by the April 16, 2012 order, but goes far beyond that order and is a belated attempt to obtain information which was either requested in the past but never before the subject of a motion to compel, or never requested at all.  To the extent that the motion asks for documents which were not the subject of Ms. Craig-Wood's prior motion, Time Warner notes that the time for filing discovery-related motions has passed, and asks the Court to hold that the motion simply cannot be entertained, whatever its merit (or lack of merit).  Because, as quoted above, Ms. Craig-Wood has described the key issue as whether Time Warner has produced all of the documents which the April 16, 2012 order directed it to produce, the Court will compare in detail the documents which Ms. Craig-Wood discussed in her second motion to compel with those which the Court ordered Time Warner to produce, and will not devote any substantial discussion to documents which were not the subject of the prior order.

    Ms. Craig-Wood's motion asks for these documents: (1) a memo from Bianca Beckley's personnel file concerning her alleged misconduct in the Athens area; (2) records of an investigation which Time Warner allegedly conducted into Ms. Beckley's activities; (3) all of the commission reports for Ms. Beckley; (4) the ODJFS documents; (5) a CD containing documents referred to in the Colley investigation report; (6) documents responsive to Requests Nos. 27 and 37 of her December, 2011 document request, particularly records compiled by Marlo Richardson as part of her investigation; and (7) either additional documents from Ms. Craig-Wood's personnel file, or an explanation for why they are missing.

    It is apparent from this description that, indeed, Ms. Craig-Wood's current motion goes well beyond the scope of both her prior motion and the Court's prior order.  She did not ask

the Court to compel production of, and the Court did not order production of, any investigative reports, any documents on a CD associated with the Colley investigation, or anything having to do with Ms. Richardson's investigation, including her notes. Her prior motion also did not address alleged deficiencies in her own personnel file. Thus, documents in categories (2), (5), (6) and (7) are not appropriate subjects for the current motion to compel. Further, whether any of these documents were the subject of her December, 2011 document request - a separate argument made by Ms. Craig-Wood - is irrelevant at this point. The only issue which the Court may now deal with is any noncompliance with the April 16, 2012 order concerning the documents in categories (1), (3), and (4).

### III. Discussion

The Court did order production of commission reports for, among other employees, Bianca Beckley. Time Warner asserts that all of them have been produced. The dispute appears to center around some dates in 2008 and 2009 when, according to Ms. Craig-Wood, Ms. Beckley should have received commissions. At this point, the Court can only reiterate that if these documents exist, they have to be produced, but it can go no further as to these or any other documents which may have existed at one time. If Time Warner has represented (and it has) that it has produced all of the documents on this subject in its possession, that is sufficient at this point. Notably, Ms. Craig-Wood appears never to have requested, by way of discovery, any explanation for any missing documents, and she took depositions after the claimed deficiency in this production became apparent. Discovery is closed, so the only order the Court can make is to direct Time Warner to confirm, again, that it has produced everything in its possession concerning Ms. Beckley that the Court ordered it to produce.

The same holds true for documents that are supposedly missing from Ms. Beckley's personnel file.  Although there may be some evidence that they were there at one time, Time Warner says it has produced everything from that file which the Court's order directed it to turn over.  If there is an issue about spoliation of evidence, a motion for sanctions, if properly supported, might be appropriate, but the Court is unable to compel a party to produce documents that, for whatever reason, no longer exist.

The only issue which causes the Court some significant concern is the ODJFS documents.  Time Warner apparently acknowledges that it has produced only a handful of such documents, but explains the lack of documentation about those proceedings by stating that such claims were handled through a third-party administrator and that Time Warner "has produced all of the documents it received from the administrator for Plaintiff and Tyus."  Defendant's Memorandum in Opposition, Doc. 59, at 12.

As Fed.R.Civ.P. 34 makes clear, a party responding to a document request is required to produce not only documents which it actually possesses, but also documents within its control. Even if Time Warner has outsourced the handling of unemployment claims to a third-party administrator, it presumably retains control over the documents used by the administrator when it represents Time Warner's interests before the ODJFS.  It is not clear from Time Warner's response whether the documents it "received" from its administrator are documents it received in the ordinary course of business, or documents it received after being served with the document request and after being ordered by the Court to produce such documents.  If the latter is the case, again, the Court cannot order production of any documents that no longer exist.  If the former is the case, however, and if Time Warner has never asked its administrator to provide it with responsive documents even though it has the right to do so, it

6

must pursue that course of action in order to be in compliance with the Court's prior order. The Court will direct Time Warner to address this issue and to produce additional responsive documents if it indeed has the legal right to obtain them from the administrator.

## IV. Conclusion and Order

For these reasons, Ms. Craig-Wood's second motion to compel (Doc. #53) is granted in part and denied in part. Time Warner is ordered to (1) confirm that it has produced all responsive commission reports and personnel records for Bianca Beckley; and (2) obtain any ODJFS documents that are responsive to the Court's April 16, 2012 order from its unemployment claims administrator that it has not already obtained, and produce those documents to Ms. Craig-Wood, or, alternatively, confirm that it has done so and that there are no additional documents in its control which are responsive. Given the current case schedule, it shall comply with this order by July 13, 2012. Ms. Craig-Wood is granted an additional one-week extension of time, to July 26, 2012, to respond to the pending summary judgment motion.

## V. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a); Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

7

or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge